UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KOVA COMMERCIAL OF NAPLES,
LLC,

        Plaintiff,

v.                         Case No:  2:23-cv-614-JES-KCD

TODD SABIN,

        Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Amended Motion for Temporary Restraining Order (Doc. #6) filed on August 15, 2023. A declaration from a manager of plaintiff and a proposed order accompanied the motion. (See id., Exs. 1-2.)[1] For the reasons set forth below, the motion is denied.

**I.**

KOVA Commercial of Naples, LLC (KOVA or the Plaintiff) is a commercial real estate brokerage firm that helps clients buy, sell, lease, and rent non-residential properties. On or about August 5, 2016, Todd Sabin (Sabin or the Defendant) became KOVA's Managing/Qualifying Broker. In that role, Sabin gained documentary access to KOVA's finances, sales, strategy, actual and prospective

---

[1] Plaintiff's original Motion for Temporary Restraining Order (Doc. #3), filed on August 14, 2023, was devoid of any declaration or proposed order. That is the only substantive variance between the two motions.

client lists, referral sources, and more. The parties executed an operating agreement and Sabin received a forty-five percent ownership interest in the firm. The operating agreement prohibited Sabin from, among other things: (i) working, being employed by, having any ownership interest in, or otherwise having any affiliation with another real estate brokerage firm in Collier or Lee County and (ii) soliciting business or interfering in the relationship between KOVA and a client for one year following the termination of his interest in the firm.[2]

As time passed, the relationship soured. On or about August 4, 2023, Sabin resigned. During his resignation meeting, he stated that he planned to operate his own brokerage firm and to begin competing with KOVA "starting tomorrow." After the meeting, KOVA allegedly uncovered a few revelations. First, Defendant had owned and operated his own real estate brokerage firm, "Todd T. Sabin, P.A." since 2006. Second, upon resigning, Defendant removed and took with him all the documents in his office. Third, Defendant had been sending documents from his firm-issued email account to apparently his own personal email accounts for months prior to his resignation. These documents include, among other things: client contact information, client financial information, a client's

---

[2] No copy of the operating agreement has been provided to the Court. Plaintiff explains this is because it contains confidential information and no protective order is in place. (See Doc. #6, Ex. 1, p. 3 n. 1.)

strategic investment and development plan, KOVA's year-end financials, management forms, lease summaries, tenant leases, rent rolls, and tenant contact information. And forth, Defendant allegedly contacted multiple KOVA clients upon his departure from the firm, including one from whom Defendant obtained a letter stating the client's desire to keep Defendant as their agent.

## II.

KOVA's eight-count Complaint is the operative pleading. (Doc. #1.) The eight counts are: (1) breach of contract; (2) violation of the federal Defend Trade Secrets Act (DTSA); (3) violation of Florida's Uniform Trade Secrets Act (FUTSA); (4) misappropriation of confidential information; (5) breach of fiduciary duty; (6) tortious interference with advantageous business relationships; (7) declaratory judgment; and (8) injunctive relief.[3]

Three days after filing the Complaint, KOVA filed its request for a Temporary Restraining Order (TRO):

---

[3] The Complaint is a shotgun pleading. Each count in Plaintiff's Complaint begins with the same sentence: "KOVA realleges and incorporates by reference each of the foregoing allegations as if fully alleged herein." (Doc. #1, ¶¶ 101, 108, 122, 135, 139, 145, 155, 161.) The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings." Barmapov v. Amuial, 986 F.3d 1321, 1324 (11th Cir. 2021)(quoting Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321 (11th Cir. 2015)). "The first is 'a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint.'" Id. at 1324-25.

i)   restraining and enjoining Sabin from directly or indirectly using, permitting to be used, disclosing, or transmitting for any purpose any of KOVA's confidential or trade secret information;

ii)  restraining and enjoining Sabin from communicating with or otherwise soliciting, either directly or indirectly, or accepting business from, or otherwise interfering with any of KOVA's clients or prospective clients, or soliciting KOVA's employees, or agents, for one year; and

iii) requiring Sabin to return immediately to KOVA all originals, copies, and other reproductions, in any form whatsoever, or any and all documents of KOVA's, including but not limited to copies of any files accessed, copied, downloaded, deleted, opened, or otherwise modified by Sabin and (after preserving all materials in an appropriate manner for purposes of this litigation including metadata) to purge or destroy any computerized records Sabin has in his possession, custody, or control.

(Doc. #6, p. 25.)

### III.

The Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida authorize a court to issue a temporary restraining order without written or oral notice to the adverse party under certain circumstances. See Fed. R. Civ. P. 65(b); M.D. Fla. R. 6.01.  A temporary restraining order may enter without notice only if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition, and (B) the movant's attorney certifies in writing any efforts made to give the notice and the reasons why it should not

be required." Fed. R. Civ. P. 65(b)(1).  A temporary restraining order will be issued only if plaintiff demonstrates: (1) the substantial likelihood of success on the merits; (2) the irreparable nature of the threatened injury and the reason that notice is impractical; (3) the potential harm that might be caused to the opposing parties or others if the order is issued; and (4) the public interest at stake, if any.  M.D. Fla. R. 6.01(b); see also Long v. Sec'y, Dep't of Corr., 924 F.3d 1171, 1176 (11th Cir. 2019).

## IV.

KOVA fails to satisfy its burden of persuasion as to the second element—the irreparable nature of the threatened injury and the reason that notice is impractical. KOVA argues at length the irreparable nature of the threatened injury. (See Doc. #6, pp. 21-23.) But KOVA makes no mention of whether any effort has been made to give Sabin notice or why notice is impractical or unnecessary. The local rules governing this district are clear: to obtain a TRO, the moving party "must establish . . . the irreparable nature of the threatened injury and the reason that notice is impractical." M.D. Fla. R. 6.01(b)(2)(emphasis added). Likewise, the Federal Rules of Civil Procedure clearly state that a "court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: . . . the movant's attorney certifies in writing any efforts made to give

notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). KOVA does neither.

The Supreme Court has cautioned "that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty., 415 U.S. 423, 439 (1974). Ultimately, "[a] temporary restraining order 'is an extraordinary and drastic remedy not to be granted unless the movant clearly establishe[s] the burden of persuasion as to each of the four prerequisites.'" Wall v. Centers for Disease Control & Prevention, 543 F. Supp. 3d 1290, 1292 (M.D. Fla. 2021)(quoting Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)). Given KOVA's failure to carry its burden of persuasion as to at least the second element, its motion for TRO is due to be denied.  The Court recognizes that KOVA has already stated that it is preparing a "forthcoming Motion for Preliminary Injunction." (Doc. #6, p. 1.) Such a motion will be addressed after proper service and a response.

Accordingly, it is hereby

**ORDERED**:

Plaintiff's Amended Motion for Temporary Restraining Order (Doc. #6) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this ___17th___ day of August, 2023.


_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record