```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION
```

KOVA COMMERCIAL OF NAPLES,
LLC,

      Plaintiff,

v.                                    Case No:  2:23-cv-614-JES-KCD

TODD SABIN,

      Defendant.

---

## OPINION AND ORDER

This matter comes before the Court on KOVA Commercial of Naples LLC's (KOVA or Plaintiff) Second Motion for Temporary Restraining Order (Doc. #24) filed on August 17, 2023.[1] The motion is accompanied by a proposed order and two declarations. (See id., Exs. 1-3.) Separately, Plaintiff filed a request for oral argument on the motion. (Doc. #25.) For the reasons set forth below, the motion and the request are denied.

---

[1] As explained by the Plaintiff, "the only substantive change (an addition) between the present motion and KOVA's earlier TRO filing [Doc. #6]" is that this motion includes "Section III." (Doc. #24, p. 1, n. 1.) The section is titled "Sabin has been provided with notice of this filing" wherein KOVA attests it has "provided advance notice by phone to Sabin's counsel" of the present motion, that KOVA planned "to email a file-stamped copy to Sabin's counsel after filing," and pointing out that, once filed, "Sabin will be provided with immediate notice of this filing through the Court's ECF system" since Sabin's counsel has since entered an appearance. (Id., p. 23.) This quells the Court's previously voiced concerns regarding notice. (See Doc. #19.)

**I.**

KOVA's eight-count Complaint is the operative pleading. (Doc. #1.) The eight counts are: (1) breach of contract; (2) violation of the federal Defend Trade Secrets Act (DTSA); (3) violation of Florida's Uniform Trade Secrets Act (FUTSA); (4) misappropriation of confidential information; (5) breach of fiduciary duty; (6) tortious interference with advantageous business relationships; (7) declaratory judgment; and (8) injunctive relief.

KOVA now renews its request for a Temporary Restraining Order (TRO):

i) restraining and enjoining Sabin from directly or indirectly using, permitting to be used, disclosing, or transmitting for any purpose any of KOVA's confidential or trade secret information;
ii) restraining and enjoining Sabin from communicating with or otherwise soliciting, either directly or indirectly, or accepting business from, or otherwise interfering with any of KOVA's clients or prospective clients, or soliciting KOVA's employees, or agents, for one year; and
iii) requiring Sabin to return immediately to KOVA all originals, copies, and other reproductions, in any form whatsoever, or any and all documents of KOVA's, including but not limited to copies of any files accessed, copied, downloaded, deleted, opened, or otherwise modified by Sabin and (after preserving all materials in an appropriate manner for purposes of this litigation including metadata) to purge or destroy any computerized records Sabin has in his possession, custody, or control.

(Doc. #24, p. 25.)

**II.**

A temporary restraining order will be issued only if plaintiff demonstrates: (1) the substantial likelihood of success on the

merits; (2) the irreparable nature of the threatened injury and the reason that notice is impractical; (3) the potential harm that might be caused to the opposing parties or others if the order is issued; and (4) the public interest at stake, if any. M.D. Fla. R. 6.01(b); see also Long v. Sec'y, Dep't of Corr., 924 F.3d 1171, 1176 (11th Cir. 2019). "A temporary restraining order 'is an extraordinary and drastic remedy not to be granted unless the movant clearly establishe[s] the burden of persuasion as to each of the four prerequisites.'" Wall v. Centers for Disease Control & Prevention, 543 F. Supp. 3d 1290, 1292 (M.D. Fla. 2021)(quoting Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)).

### III.

KOVA's TRO request is due to be denied because it relies on a superficially deficient pleading and a contract that has not been provided to the Court.

First, as pointed out by the Court in its previous order denying KOVA's TRO, the operative pleading appears to be a shotgun pleading. (See Doc. #19, p. 3, n. 3.) As the Court then stated, "[e]ach count in Plaintiff's Complaint begins with the same sentence: 'KOVA realleges and incorporates by reference each of the foregoing allegations as if fully alleged herein.'" (Id.) (quoting Doc. #1, ¶¶ 101, 108, 122, 135, 139, 145, 155, 161.) The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings." Barmapov v. Amuial, 986 F.3d 1321, 1324 (11th

- 3 -

Cir. 2021)(quoting <u>Weiland v. Palm Beach Cnty. Sheriff's Off.</u>, 792 F.3d 1313, 1321 (11th Cir. 2015)). "The first is 'a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint.'" <u>Id.</u> at 1324- 25. On its face, KOVA's Complaint does just that.

The Eleventh Circuit has also noted that, "[w]hile plaintiffs have the responsibility of drafting complaints [that do not constitute shotgun pleadings], defendants are not without a duty of their own in this area. . . . [A] defendant faced with a shotgun pleading should move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement." <u>Weiland</u>, 792 F.3d at 1321 n.10. The Court will not entertain the extreme remedy of a TRO for a case whose operative pleading is on its face deficient.

Furthermore, the Court is hesitant to grant Plaintiff the extreme remedy sought without having been afforded the opportunity to examine the non-compete, non-solicitation, and confidentiality clauses of the contract between the parties that KOVA primarily relies on in its motion. KOVA attempts to justify this vital document's absence by stating that "[a] copy of the Operating Agreement is not attached to th[e record] because it contains confidential Company information and there is no protective order

yet in place in this matter." (Doc. #24, Ex. 1, n. 1.) But that does not explain why a redacted version of at least the clauses in play cannot be provided. It is true that "[t]he expedited nature of [these] proceedings often creates not only limits on the evidence available but also pressure to make difficult judgments without the luxury of abundant time for reflection." Cumulus Media, Inc. v. Clear Channel Commc'ns, Inc., 304 F.3d 1167, 1171 (11th Cir. 2002). But it is also true that these "judgments . . . are the district court's to make," id., and the Court cannot find Plaintiff has met its burden of persuasion as to whether it has a substantial likelihood of success on the merits or that an irreparable injury has occurred without presenting the clauses their motion relies on.

For these reasons, KOVA's motion is denied. Sabin's counsel has now made an appearance (see Doc. #14) and been provided notice. KOVA meanwhile is preparing its "forthcoming Motion for Preliminary Injunction." (Doc. #24, p. 1.) Assuming all the defects discussed herein are by then cured, KOVA's request for relief can be more properly addressed then. See Dilworth v. Riner, 343 F.2d 226, 229 (5th Cir. 1965) (stating that "where the opposing party has notice of the application for a temporary restraining order,

such order does not differ functionally from a preliminary injunction." (internal quotations omitted)).[2]

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Second Motion for Temporary Restraining Order (Doc. #24) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this ___18th___ day of August, 2023.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

---

[2] "Former Fifth Circuit cases decided before October 1, 1981 are binding precedent in the Eleventh Circuit." Eghnayem v. Bos. Sci. Corp., 873 F.3d 1304, 1314 (11th Cir. 2017).