UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KOVA COMMERCIAL OF NAPLES,
LLC,

        Plaintiff,

v.                        Case No:  2:23-cv-614-JES-KCD

TODD SABIN,

        Defendant.

_____

**<u>OPINION AND ORDER</u>**

This matter comes before the Court on Todd Sabin's (Sabin or Defendant) Motion to Dismiss Second Amended Complaint (Doc. #81) filed on April 3, 2024. KOVA Commercial of Naples, LLC (KOVA or Plaintiff) filed a Response in Opposition (Doc. #84) on April 24, 2024. For the reasons set forth below, the motion is denied.

**I.**

KOVA's Second Amended Complaint (SAC)(Doc. #76), the operative pleading, pertinently alleges the following: KOVA is a commercial real estate brokerage firm that represents clients in buying, selling, leasing, and renting non-residential properties, and operates primarily in Charlotte, Lee, and Collier Counties, Florida. It advertises online to out-of-state clients and currently has clients from many other states. Sabin became KOVA's Managing/Qualifying Broker in 2016 but by 2023 the relationship had deteriorated and Sabin resigned. For months prior, Sabin had

been sending documents from his firm-issued email account to external email addresses, including a KOVA employee's employment agreement, client contact information, client financial information, a client's strategic investment and development plan, KOVA's year-end financials, management forms, lease summaries, tenant leases, rent rolls, tenant identities, and tenant contact information. Sabin also took various documents from his office on the day he resigned. Sabin then used this information to compete with KOVA upon his resignation, partly by soliciting KOVA's clients.

Sabin only challenges KOVA's Defend Trade Secrets Act (DTSA) claim—Count II of the SAC. He argues that KOVA fails "to state a cause of action under the DTSA because [KOVA] fails to properly plead what trade secret is related to a product or service that was used or intended for use in interstate commerce." (Doc. #81, p. 2.) And because this is KOVA's second attempt at attempting to plead its DTSA claim, Sabin urges the Court to dismiss it with prejudice. (Id. at p. 6.) Even "if the DTSA claim is not dismissed," Sabin argues, "this Court should decline to exercise supplemental jurisdiction over the remaining state law claims." (Id.) KOVA disagrees on all points. (Doc. #84.)

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing

- 2 -

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. See also Phx. Entm't Partners, LLC v. Casey Rd. Food & Bev., LLC, 728 F. App'x 910, 912 (11th Cir. 2018). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzaín, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal

citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

### III.

The DTSA provides a federal civil cause of action for "[a]n owner of a trade secret that is misappropriated . . . if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." 18 U.S.C. § 1836(b)(1). "To plausibly allege a claim under the Defend Trade Secrets Act, 18 U.S.C. § 1836, the plaintiff must adequately plead three elements: (1) the plaintiff owns a valid trade secret; (2) the trade secret relates to a product or service used in, or intended for use in, interstate commerce; and (3) the defendant misappropriated that trade secret." It Works Mktg., Inc. v. Melaleuca, Inc., No. 820CV1743TKKMTGW, 2021 WL 1650266, at *7 (M.D. Fla. Apr. 27, 2021)(citing 11th Cir. Pattern Jury. Instr. Civ. 11.1.)

Sabin argues the interstate commerce element of KOVA's DTSA claim is deficient since KOVA's SAC alleges it only aids clients in buying, selling, leasing, and renting property in Florida. (See Doc. #78, ¶¶ 19-20.) Sabin argues "[t]he focus should be on where the services are offered and not the location of the person who

- 4 -

orders the services." (Doc. #81, p. 4.) KOVA counters that "[a]lthough KOVA is a commercial real estate brokerage that provides services in Florida, provision of local services to out-of-state clients constitutes a sufficient relationship to interstate commerce for purposes of pleading a claim under the DTSA." (Doc. #84, p. 6.)

Case law overwhelmingly supports KOVA's position. Of all, perhaps the most persuasive is Providence Title Co. v. Truly Title, Inc., 547 F. Supp. 3d 585 (E.D. Tex. 2021). The defendants there moved to dismiss the DTSA claim on identical grounds, arguing the interstate commerce element was deficient since the "complaint reveal[ed] that [plaintiff] does [real estate] business only within the State of Texas . . . ." Id. at 596. The plaintiff countered similarly, arguing the interstate commerce element was satisfied since its complaint alleged it "provides title services to customers all over the United States who are interested in buying or selling property in Texas . . . ." Id. at 597.

After determining that "the text of the DTSA indicates that its applicability is limited to activity that is actually in, as opposed to activity that merely affects, interstate commerce," id. at 597, the Texas district court sided with the plaintiff, explaining that:

> [A]s the Supreme Court has concluded, a real estate transaction is an interstate transaction when the funds for purchasing the real estate originate outside of the

> state where the property is located. See Goldfarb v. Va. State Bar, 421 U.S. 773, 783-84, 95 S.Ct. 2004, 44 L.Ed.2d 572 (1975). Accordingly, title services, even when performed entirely within a state, are "an integral part of an interstate transaction." Id. at 784, 95 S.Ct. 2004. And because title services are integral to an interstate transaction, the provision of title services is "within the stream of interstate commerce," satisfying the "in commerce" test. McLain, 444 U.S. at 244, 100 S.Ct. 502.

Id. at 598.

Courts in this district and beyond have held similarly. See WWMAP, LLC v. Birth Your Way Midwifery, No. 5:23-CV-243-MJF, 2024 WL 151411, at *6 (N.D. Fla. Jan. 10, 2024)(holding the interstate commerce element in a DTSA claim is sufficiently plead when it alleges plaintiff services out-of-state clients and advertises to them online even though plaintiff only operates in Florida); Healthplan Servs., Inc. v. Dixit, No. 8:18-CV-2608-SDM-AAS, 2021 WL 4927434, at *4 n. 6 (M.D. Fla. May 27, 2021), report and recommendation adopted, No. 8:18-CV-2608-SDM-AAS, 2021 WL 4926752 (M.D. Fla. July 22, 2021)(holding the interstate commerce element of a DTSA claim is satisfied even though plaintiff only operates in Florida because it services clients in other states); SJ Medconnect, Inc. v. Boice, No. 3:20-CV-903-MMH-JBT, 2022 WL 3136798, at *2 (M.D. Fla. June 17, 2022), report and recommendation adopted as modified, No. 3:20-CV-903-MMH-JBT, 2022 WL 2981073 (M.D. Fla. July 28, 2022)("[P]laintiff adequately alleges the interstate commerce element by stating that the information,

files, and data are used 'to deploy and sell its products and services throughout the United States.'"); Blades of Green, Inc. v. Go Green Lawn & Pest, LLC., 598 F. Supp. 3d 348, 355 (D. Md. 2022)("[Plaintiff] engages in interstate commerce when it provides services to [customers] outside the State of Maryland and, in turn, receives remuneration that is transferred into Maryland from out-of-state customers."); Complete Logistical Servs., LLC v. Rulh, 350 F. Supp. 3d 512, 520 (E.D. La. 2018)(holding DTSA's interstate commerce element is plausibly plead after complaint asserts it services out-of-state clients and provides a list of those clients).

Applying the same logic, KOVA's DTSA claim survives. The SAC alleges that "KOVA advertises its services to customers interstate via its website" and that "Sabin misappropriated documents from" KOVA clients identified and listed as being from Colorado, Missouri, New Jersey, Wisconsin, Minnesota, and Canada. (Doc. #78, ¶¶ 140-41.) Because KOVA alleges in its SAC that it provides brokerage services to out-of-state clients looking to buy, sell, lease, or rent property in Florida, and brokerage services are integral to the interstate transaction, McLain v. Real Est. Bd. of New Orleans, Inc., 444 U.S. 232, 246 (1980), KOVA's SAC plausibly alleges the interstate commerce element of its DTSA claim.

Having held the DTSA survives, Sabin would still have this Court decline to exercise supplemental jurisdiction over the

remaining state law claims "[g]iven the predominance of the state law claims and the ability for the trade secret to stand alone . . . ." (Doc. #81, p. 7.) In so arguing, Sabin invokes § 1367(c), which "provides for four occasions when a federal court may decline to exercise supplemental jurisdiction otherwise within its power," Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1569 (11th Cir. 1994), including when "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2). If that occasion is indeed present, the factors outlined in United Mine Workers v. Gibbs, 383 U.S. 715 (1966) come into play, "includ[ing] judicial economy, convenience, fairness to the parties, and whether all the claims would be expected to be tried together," which "may, by their presence or absence, influence the court in its decision concerning the exercise of such discretion." Palmer, 22 F.3d at 1569.

The Court need not reach the Gibbs factors since the state law claims do not substantially predominate over the DTSA claim. "A federal court will find substantial predominance when it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage." Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 744 (11th Cir. 2006)(quoting McNerny v. Nebraska Public Power Dist., 309 F.Supp.2d 1109, 1117–18 (D. Neb. 2004)). All the claims are intertwined and directly related to Sabin allegedly soliciting KOVA's clients by using

- 8 -

KOVA's documents. Since the claims arise from the same facts, the parties will have to rely on the same witnesses and evidence for each, giving rise to a case where a plaintiff would ordinarily be expected to try them all in one judicial proceeding. Even if the state claims substantially predominated, judicial economy and convenience weighs toward this Court exercising supplemental jurisdiction over them.

Accordingly, it is hereby

**ORDERED**:

Defendant's Motion to Dismiss Second Amended Complaint (Doc. #81) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___7th___ day of May, 2024.


_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies:
Counsel of Record

- 9 -