```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION

KOVA COMMERCIAL OF NAPLES,
LLC,

        Plaintiff,

v.                                 Case No:  2:23-cv-614-JES-KCD

TODD SABIN,

        Defendants.
```

### OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion to Voluntarily Dismiss Counts II-VIII (Doc. #133) construed as a motion for leave to amend and taken under advisement pending a response by the Court's September 16, 2025, Order (Doc. #135). On September 29, 2025, defendant filed a Response in Opposition to Plaintiff's Motion for Leave to Amend (Doc. #136).

On March 6, 2024, the Court stayed Count I of the First Amended Complaint to allow for arbitration and allowed plaintiff to amend to file a Second Amended Complaint. (Doc. #76.) Plaintiff filed a Second Amended Complaint (Doc. #78) and on August 1, 2025, defendant filed a Motion for Summary Judgment (Doc. #126) on the remaining counts of the Second Amended Complaint. After an extension of time to respond, plaintiff's response was due on September 12, 2025. Plaintiff did not respond to the motion for summary judgment. Instead, plaintiff sought to dismiss the counts

with prejudice with the parties to bear their own costs and attorney fees.

Plaintiff argues that defendant would not lose any substantial right from a dismissal with prejudice[1] and plaintiff minimizes the impact on defendant as a "minor inconvenience." (Doc. #133 at ¶ 7.)  Plaintiff seeks to have the parties bear their own costs and attorney's fees with no prevailing party determination or admission of liability.  It is not that simple, or a minor inconvenience.

Defendant argues that the amendment would result in "extreme prejudice" because it would subject it to an additional suit on the same claims.  Defendant argues that the claims were brought to "chill competition" and they lack factual support.  (Doc. #136, pp. 2-3.)  Defendant argues that the motion is unreasonably delayed, plaintiff has not shown cause for seeking an amendment after the close of pleadings, and summary judgment should be granted as unopposed since no response was filed.  (Id. at 3-4.) Lastly, defendant argues that the amendment would allow plaintiff to avoid attorney's fees.

At the summary judgment stage, plaintiff must move to amend to add or dismiss a claim in accordance with Fed. R. Civ. P. 15(a). Carter v. Broward Cnty. Sheriff's Dep't Med. Dep't, 558 F. App'x

---

[1] This assumes that Rule 41(a)(2) applies to allow a dismissal of individual claims.

919, 923 (11th Cir. 2014). Under Rule 15(a), "after a responsive pleading has been filed, subsequent amendments are permitted only with leave of the court. The decision whether to grant leave to amend is committed to the sound discretion of the trial court." Shipner v. E. Air Lines, Inc., 868 F.2d 401, 406 (11th Cir. 1989) (citations omitted).  "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"  Foman v. Davis, 371 U.S. 178, 182 (1962). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (citation omitted).

This case was originally filed in August 2023, a Third Amended Case Management and Scheduling Order (Doc. #117) was issued in February 2025, and the case is set for the January 2026, trial term.  At the status conference on July 23, 2025, the parties discussed defendant's financial hardship regarding arbitration fees, but defendant stated that he was ready to file the motion for summary judgment as of the August 1, 2025, deadline.  Plaintiff expressed hesitation about having to file a response before the

final arbitration hearing scheduled for August 13 and 14, 2025. The then Magistrate Judge indicated that a request for an extension of time would be entertained as long as the motion for summary judgment was on the docket for the district judge. (Doc. #122.) In fact, plaintiff sought an extension of time on August 8, 2025, and that request was granted. (Doc. #132.) The motion to amend to drop Counts II through VIII does not indicate the status of arbitration or why a response to the summary judgment motion was not filed. The request to amend by dropping all remaining counts comes several years after the case was initiated, after several amendments of the pleading, after discovery was closed, and more than a month after defendant filed a request for summary judgment on the counts. Plaintiff does not indicate any barrier to seeking the amendment prior to now, or the reason for the delay. The Court cannot find good cause has been shown for the frankly dilatory request. Further, since the counts are not subject to dismissal, the Court cannot mitigate the prejudice to defendant. The motion to amend will be denied.

Finding no response to the request for summary judgment, and that the record evidence supports summary judgment, the motion will be granted. The Court declines to make any prevailing party findings before a motion on entitlement is filed at the appropriate time. M.D. Fla. R. 7.01(b).

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion to Voluntarily Dismiss Counts II-VIII (Doc. #133), construed as a motion for leave to amend, is **DENIED.**

2. Defendant's Motion for Summary Judgment (Doc. #126) is **GRANTED.**

3. Counts II through VI are dismissed **with prejudice.**

4. The Clerk shall withhold judgment until the conclusion of the case.

**DONE and ORDERED** at Fort Myers, Florida, this __1st__ day of October 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record